IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -7 A 8:50

U.S. DISTRICT COURT
DISTRICT OF MASS.

KABLOOM FRANCHISING CORP.
and
KABLOOM, LTD.,
          Plaintiffs

v.

DAA-FLORAL, LLC
and
ALAN ARMSTRONG,
          Defendants

File No. 04-10955 NG

## ANSWER TO COMPLAINT

### Personal Jurisdiction

There is no personal jurisdiction over Alan Armstrong. Alan Armstrong is an adult individual residing in the Commonwealth of Pennsylvania. A review of the Guaranty indicates that he did not agree to jurisdiction in Massachusetts and did not agree to be sued in Massachusetts. The Guaranty in question was executed in the Commonwealth of Pennsylvania and the subject of the Guaranty is a franchise operation located in the Commonwealth of Pennsylvania, which primarily does business in the Commonwealth of Pennsylvania and does no business in Massachusetts.

### Venue

Venue is not proper in Massachusetts. The Complaint concerns a former franchise store in Montgomery County, Pennsylvania. All of the counts in the Complaint involve alleged violations that manifest themselves in a physical way and are subject to physical observation which must take place in Montgomery County, Pennsylvania. The situs of the compliance which is requested in the Complaint also takes place in Montgomery County, Pennsylvania, and the verification of such compliance would take place in Montgomery County, Pennsylvania. Finally, the enforcement of any court order would best take place in Pennsylvania since the Defendants that are the subject of the Complaint are both located in Montgomery County, Pennsylvania.

1

### Answer to Count I

Prior to the filing of the Complaint, Armstrong and DAA-Floral, LLC made a good faith effort to cause the LLC to cease all identification as an existing or former KaBloom franchisee, to comply with the post termination obligations. Since reviewing Plaintiffs= Complaint, Armstrong and DAA-Floral have reviewed their compliance and have taken all required steps to comply with the Franchise Agreement. As of the date of the filing of this Answer, Armstrong has caused DAA-Floral and DAA-Floral has: (a) refrained from holding itself out as a present or former franchisee; (b) ceased using KaBloom Marks and the System; (c) deidentified the store from its former affiliation with KaBloom; (d) cancelled the listing in any telephone directories. In addition, all materials of any kind previously provided by KaBloom have been returned to KaBloom. DAA-Floral has not registered any fictitious name registration of the name AKaBloom.@

As a result of the foregoing, the relief requested is moot and there is no basis for the relief requested.

WHEREFORE, it is respectfully requested that Count I be dismissed.

### Answer to Count II

The answer to Count I is incorporated herein by reference as if set forth here at length.

There has been and there is presently no unauthorized use of KaBloom Marks and there has been full compliance in that regard, with any obligations under applicable law or under the Franchise Agreement.

This action is moot and Plaintiffs are not entitled to injunctive relief.

WHEREFORE, it is respectfully requested that Count II be dismissed.

### Answer to Count III

The answers to Counts I and II are incorporated herein by reference as if set forth here at length.

DAA has completely ceased using the KaBloom Marks. Accordingly, there is no action that has caused or is likely to continue to cause confusion, or to cause mistake or deception as to DAA=s affiliation with KaBloom.

As a result of the foregoing, there is no basis for the allegation that KaBloom has been and is likely to be substantially injured in its business and there will be no damage to KaBloom=s

goodwill.

For the foregoing reasons, this action is moot and KaBloom is not entitled to any injunctive relief.

WHEREFORE, it is respectfully requested that Count III be dismissed.

### Answer to Count IV

The answers to Counts I through III are incorporated herein by reference as if set forth here at length.

DAA has fully complied with its obligations under the Franchise Agreement and is not, to any extent, infringing on the KaBloom Marks.

This matter is moot. KaBloom is not entitled to any injunctive relief.

WHEREFORE, it is respectfully requested that Count IV be dismissed.

### Answer to Count V

The answers to Counts I through IV are incorporated herein by reference as if set forth here at length.

As set forth above, the KaBloom Marks are not being used and DAA has fully complied with its obligations under the Franchise Agreement. Accordingly, there is no misleading representation. There are no deceptive trade practices.

This matter is moot and KaBloom is not entitled to injunctive relief.

WHEREFORE, it is respectfully requested that Count V be dismissed.

_____
D. Alan Armstrong

DAA-Floral, LLC

By: _____
D. Alan Armstrong, Member